# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, | **CRIMINAL NO.** 17-579 (JAG) |
| v. | |
| **CHRISTOPHER SANTIAGO ROSADO**, Defendant. | |

## SENTENCING MEMORANDUM OF THE UNITED STATES

**TO THE HONORABLE COURT:**

COMES NOW, the United States of America ("Government" or "United States"), by and through the undersigned attorneys, and very respectfully states and prays as follows:

### I. PROCEDURAL BACKGROUND

On October 27, 2017, Christopher Santiago Rosado (hereafter "Santiago Rosado" or the "Defendant"), was the subject of a One-count Indictment rendered by a District of Puerto Rico Grand Jury in Criminal Case 17-579 (JAG). The Defendant was charged for being a prohibited person in possession of firearms and ammunition (convicted felon), all in violation of Title 18, United States Code, Sections 922(g)(1).

On April 19, 2018, the Defendant entered a straight plea of guilty as to count One of the Indictment.

### II. DISCUSSION

After United States v. Booker, 543 U.S. 220 (2005), sentencing involves a three-step process. United States v. Davila-Gonzalez, 595 F.3d 42, 46 (1st Cir. 2010). First, the Court must continue to calculate a defendant's Guidelines sentence precisely as it would have before Booker.

*Id.* Second, the Court must formally rule on any departure request by any of the parties. *Id.* Finally, the Court is required to consider the factors delineated in Title 18 United States Code, Section 3553(a), as well as any other relevant considerations and determine what sentence, whether within, above, or below the guideline sentencing range, appears appropriate. *Id.*

On October 4 , 2018, the United States Probation Office filed an ammended Presentence Investigation Report (Docket No. 48). The Sentencing Guidelines Calculations made by the probation officer are as follows:

| COUNT TWO: Title 18, United States Code, Section 922(g)(1) | |
|---|---|
| Base Offense Level, U.S.S.G. §2K2.1(a)(4) | 20 |
| Acceptance of Responsibility | -3 |
| **TOTAL OFFENSE LEVEL** | **17** |
| Imprisonment Range if Criminal History I | 24-30 Months |
| Imprisonment Range if Criminal History   II | 27-33 Months |
| Imprisonment Range if Criminal History   II | 30-37 Months |

The Government does not object to the sentencing guideline calculations made by the probation officer. Pursuant to the Pre-Sentence investigation Report, the defendant has a criminal history category of III. Based upon a total offense level of twelve (12) and a criminal history category of III, the guideline imprisonment range is thirty (30) to thirty seven (37) months.

Since the Defendant has remained detained since he was arrested, on October 27, 2017, the Government understands that the Defendant has already served almost twelve (12) months in prison.

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the Government requests that Defendant be sentenced to thirty four (34) months of imprisonment, the middle range of the applicable sentencing guideline range.

In weighing the seriousness of the offenses of which Defendant has been convicted, it is appropriate for the Court to consider that gun violence has sadly become "an acute problem in Puerto Rico." *United States v. Narvaez-Soto*, 773 F.3d 282, 286 (1st Cir. 2014) ("In weighing the impact associated with a particular crime, a sentencing court may consider the pervasiveness of that type of crime in the relevant community."); *see also United States v. Flores-Machicote*, 706 F.3d 16, 23(1st Cir. 2013) ("[T]he incidence of particular crimes in the relevant community appropriately informs and contextualizes the relevant need for deterrence."). As this Court has previously observed, "[v]iolent crimes and murders are occurring even in broad daylight in any place of the metropolitan areas of Puerto Rico, including public-congested highways and shopping centers. Firearms are present everywhere." *United States v. Melecio-Heredia*, No. 11-562, 2012 U.S. Dist. LEXIS 87973, at *4-*5 (D.P.R. June 25, 2012) (Fusté, J.).

Here, not only was Defendant a prohibited person, a convicted felon, in possession of a firearm and ammunition, was serving a supervised release term that commenced on October 21, 2016 and was to expire on October 29 2019. Defendant's supervised release term was a consequence of defendant's prior federal conviction in case 14-555 (CCC), for Possession with Intent to Distribute at least 22.4 grams but less than 28 grams of cocaine base "crack" where he was sentenced to thirty (30) months of imprisonment and a supervised release term of three (3) years on April 21, 2014.

Taking into account the prevalence of gun violence in Puerto Rico, the offense of which Defendant stands convicted is particularly serious.

The Government submits that a thirty four (34) month sentence is sufficient but not greater than necessary to address the relevant sentencing factors set forth in Title 18, United States Code, Section 3553(a). This sentence will: (1) address the seriousness associated with the crime; (2) provide deterrence to others in committing similar crimes; and (3) promote respect for the law.

Furthermore, the Government requests that defendant's supervised release term in case 14-555(CCC) be revoked, as a result of his noncompliance with the requirements of his supervised release term, regarding case 14-555(CCC).

### III.　CONCLUSION

The United States submits that a sentence of thirty four (34) months is a sufficient but not greater than necessary sentence recommendation in the present case.

WHEREFORE, the United States respectfully requests that the Court impose a sentence of **thirty four (34) months of imprisonment.**

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 5th day of October 2018.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

*S/***Daynelle Álvarez Lora**
Daynelle Alvarez Lora
Assistant United States Attorney
USDC No. 227612
Email: daynelle.m.alvarez@usdoj.gov

U.S. Attorney's Office
350 Carlos Chardón Avenue
Torre Chardón, Suite 1201
San Juan, PR 00918
Tel.: (787) 766-5656
Fax: 787-766-5398

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to defense counsel

*S/***Daynelle Álvarez Lora**
Daynelle Álvarez Lora