In the United States District Court
For the District of Puerto Rico

| | |
|---|---|
| The United States of America,<br><br>Plaintiff<br><br>vs.,<br><br>Christopher Santiago-Rosado,<br><br>Defendant. | Criminal No.: 14-555 (CCC)<br><br>17-579 (JAG) |

## Sentencing Memorandum

To the Honorable Jay A. Garcia Gregory

Comes now Christopher Santiago-Rosado, defendant in this proceeding, represented by the Federal Public Defender for the District of Puerto Rico, through the undersigned attorney, and submits this memorandum to be taken into consideration at the time of sentencing.

## Sentence Request

It is respectfully submitted that a sentence of 30 months of imprisonment is imposed for Criminal Case 17-579 (JAG) concurrent with a sentence of 12 months and 1 day of imprisonment for case 14-555(CCC). It is a sentence sufficient but not greater than necessary to accomplish the goals of sentencing. A total sentence of 30 months is sufficient but not greater than necessary.

## Application of the 18 U.S.C. § 3553(a) factors

This Honorable Court must take into account the factors enumerated in 18 U.S.C. § 3553(a) in order to impose a sentence that is sufficient but not greater than

necessary to accomplish the statutory goals of federal sentencing. In doing so, the history and characteristics of Mr. Santiago-Rosado, the seriousness of the offense, the promotion of adequate deterrence, and protection to the public from further crimes must be addressed.

Mr. Santiago-Rosado will not try to minimize the potential for harm to victims that the proliferation of illegal firearms has in this Island. Illegally possessing a gun is a serious offense. Nevertheless, in the spectrum of offenses in the United States Code, Mr. Santiago-Rosado conduct is not the most serious of offenses; especially when one consider his conduct in light of the totality of the circumstances. Moreover, the offense in this case did not involve the *use* nor *brandishing* of the firearms, no use of *violence* and, in that sense, a lengthy term of imprisonment is not necessary to punish Christopher. Christopher's needs for rehabilitation would be better served during his time on supervised release where he can better himself in the process of re-entering into the community.

It is important that this Honorable Court make an individualized assessment of Mr. Santiago-Rosado's 18 USC 3553(a) factors. The concerns for the community's safety are relevant. The crime in Puerto Rico is relevant as well, but to an extent. Violence in the community should not eclipse the other 3553(a) factors. Criminality and the impact in the community is ONE of the many factors to be considered when imposing a sentence. Flores Machicote specifically says that the Court must nevertheless look to the history and characteristics of the specific defendant before it at the time of sentencing.

Wherefore, it is respectfully requested that this Honorable Court impose a sentence of 30 months of imprisonment concurrently with a term of 12 months and 1 day.

I hereby certify, that on this date I electronically filed the present motion with the Clerk of the Court using the CM/ECF system which will send electronic notification of said filing to all parties of record.

Respectfully submitted.

In San Juan, Puerto Rico, on October 5, 2018.

Eric A. Vos
Federal Public Defender
District of Puerto Rico

S/ Vivian I. Torralbas-Halais
Vivian I. Torralbas-Halais
Assistant Federal Public Defender
USDC-PR 2131601
241 F.D. Roosevelt Avenue
San Juan, Puerto Rico 00918-2305
(787) 281-4922 Ext. 224
vivian_torralbas@fd.org